

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

| | | |
|---|---|---|
| TRC/PL AGR<br>2004R00288 | 970 Broad Street, Suite 700<br>Newark, NJ 07102 | 973/645-2700 |

**RECEIVED**

JUN 2 2005

ATE&SD, M
WILLIAM T. WALSH
CLERK

March 3, 2005

Michele A. Adubato
Adubato & Jaffe
725 Broadway
Bayonne, NJ 07002

      Re: <u>Plea Agreement with Wilfredo Sosa</u>
           Cr. No. 05-446 (AET)

Dear Ms. Adubato:

      This letter sets forth the plea agreement between your client, Wilfredo Sosa, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Wilfredo Sosa to a one-count information, which charges conspiracy to possess, with intent to defraud, fifteen or more counterfeit and unauthorized access devices, contrary to 18 U.S.C. § 1029(a)(3), in violation of 18 U.S.C. § 1029(b)(2). If Wilfredo Sosa enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Wilfredo Sosa for his possession and use of counterfeit and unauthorized credit cards at the Freehold Raceway Mall, in Freehold Township, on or about January 25, 2003. However, in the event that the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Wilfredo Sosa may be commenced against him, notwithstanding the expiration of the limitations period after Wilfredo Sosa signs the agreement. Wilfredo Sosa agrees to waive any statute of limitations with respect to any crime that would otherwise expire after Wilfredo Sosa signs the agreement.

## Sentencing

The violation of 18 U.S.C. § 1029(b)(2) to which Wilfredo Sosa agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Wilfredo Sosa is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Wilfredo Sosa ultimately will receive.

Further, in addition to imposing any other penalty on Wilfredo Sosa, the sentencing judge: (1) will order Wilfredo Sosa to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Wilfredo Sosa to pay restitution pursuant to 18 U.S.C. §§ 3663 et seq.; (3) may order Wilfredo Sosa, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and (4) pursuant to 18 U.S.C. § 3583 and § 5D1.2 of the Sentencing Guidelines, may require Wilfredo Sosa to serve a term of supervised release of at least 2 years and up to 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Wilfredo Sosa be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Wilfredo Sosa may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Wilfredo Sosa by the

sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Wilfredo Sosa's activities and relevant conduct with respect to this case.

Stipulations

This Office and Wilfredo Sosa agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Wilfredo Sosa from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Forfeiture

Wilfredo Sosa agrees to the forfeiture of the property listed in Schedule B, which is subject to forfeiture pursuant to 18 U.S.C. § 1029(c).

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Wilfredo Sosa waive certain rights to file an appeal, collateral attack,

- 3 -

writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Wilfredo Sosa. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil proceeding against Wilfredo Sosa.

No Other Promises

This agreement constitutes the plea agreement between Wilfredo Sosa and this Office and supersedes any previous agreement between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CHRISTOPHER J. CHRISTIE
United States Attorney

By: THOMAS R. CALCAGNI
Assistant U.S. Attorney

APPROVED:

_____
DONNA GALLUCIO
Chief, Government Fraud Unit

- 4 -

I have received this letter from my attorney, Michele Adubato, Esq., I have read it, and I understand it fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

AGREED AND ACCEPTED:

_____          Date: 3/15/05
WILFREDO SOSA

_____          Date: 3/15/05
MICHELE ADUBATO, Esq.

Plea Agreement With Wilfredo Sosa

Schedule A

1. This Office and Wilfredo Sosa recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Wilfredo Sosa nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Wilfredo Sosa within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Wilfredo Sosa further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2002, applies in this case. The applicable guideline is U.S.S.G. § 2B1.1. This guideline carries a Base Offense Level of 6.

3. Because the loss amount is more than $30,000, Specific Offense Characteristic § 2B1.1(b)(1)(D) applies. This Specific Offense Characteristic results in an increase of 6 levels.

4. Because the offense involved the production or trafficking of any unauthorized access device or counterfeit access device, Specific Offense Characteristic § 2B1.1(b)(9) applies. This Specific Offense Characteristic results in an increase of 2 levels.

5. As of the date of this letter, Wilfredo Sosa has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Wilfredo Sosa's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

6. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Wilfredo Sosa is 12 (the "agreed total Guidelines offense level").

7. The parties agree not to seek or argue for any upward or downward departure or any upward or downward adjustment not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 12 is reasonable.

8. Wilfredo Sosa knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 12. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 12. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.

Plea Agreement With Wilfredo Sosa

## Schedule B

Defendant Wilfredo Sosa agrees to forfeit the following property:

| Item No. | Quantity | Item Description |
|---|---|---|
| 1 | 2 | Two pairs of Prada sneakers (in box) |
| 2 | 1 | Receipt from Prada, 575 Broadway, New York, NY, Dated 1/24/03, in the name of BRYANT S. ABDULLAH, Receipt #54222 |
| 3 | 1 | Dooney & Bourke Pocketbook |
| 4 | 2 | Sets of Queen Sheets from Linens & Things (in package) |
| 5 | 1 | Tan suede Perry Ellis jacket (in Marshalls bag) |
| 6 | 2 | Cartons of Newport box cigarettes |
| 7 | 1 | Nextel Motorola phone box (no phone) |
| 8 | 1 | Gift card envelope from Eddie Bauer (does not contain gift card) |
| 9 | 2 | Gift card envelopes from Old Navy (does not contain gift cards) |
| 10 | 1 | Yellow ziplock bag containing a very small amount of what appears to be marijuana |
| 11 | 1 | Rolex watch with clear stones |
| 12 | 1 | Counterfeit New Jersey driver's license in the name TERREL SMITH, D/L #S17950530003712 |
| 13 | 1 | Counterfeit Capitol One Platinum MasterCard in the name of JOHN PARKER, Account #5369900179229963 |
| 14 | 1 | Counterfeit Capitol One Platinum MasterCard in the name of JOHN PARKER, Account #5334720122397507 |
| 15 | 1 | Counterfeit Capitol One Platinum MasterCard in the name of Jose Gonzalez, Account #5482213010222771 |
| 16 | 1 | Counterfeit Fleet Business Total Access Visa Check Card, in the names MUMTAZ AHMED/ARA RUGS INC, Account #4135750000066787 |

- 8 -

| 17 | 1 | Counterfeit US Bank Visa Card, in the name ROBERT RODRIGUEZ, Account #4153860209015456 |
|---|---|---|
| 18 | 1 | Counterfeit Capitol One Platinum MasterCard, in the name ADRAIN R. HAINES, Account #5178052179629429 |
| 19 | 1 | Counterfeit Capitol One Platinum MasterCard, in the name John Grey, Account #5396559007348960 |
| 20 | 1 | Counterfeit Capitol One Platinum MasterCard, in the name JOHN PARKER, Account #5499450000923221 |
| 21 | 1 | Counterfeit American Express Optima Card, in the name MARK KELLHAN, Account #312171286093009 |
| 22 | 1 | Counterfeit American Express Optima Card, in the name JAMES SCOTT, Account #372155956213005 |
| 23 | 1 | Counterfeit American Express Optima Card, in the name MIKE LAW, Account #378209711163007 |
| 24 | 1 | Counterfeit Household Bank Visa Card, in the name PAUL WALKER, Account #4388642159184061 |
| 25 | 1 | Counterfeit Chase MasterCard, in the name JOHN GREY, Account #5466472019511200 |
| 26 | 1 | Counterfeit Chase MasterCard, in the name ROBERT RODRIGUEZ, Account #5424180525493711 |
| 27 | 1 | Counterfeit AT&T Universal Platinum MasterCard, in the name DANNY PEREZ, Account #5424180322755691 |
| 28 | 1 | Counterfeit AT&T Universal Platinum MasterCard, in the name JOHN GREY, Account #5466510620051627 |
| 29 | 1 | Counterfeit Aspire Visa Card, in the name PAUL WALKER, Account #4305940002740760 |
| 30 | 1 | Counterfeit Bank Atlantic Visa Card, in the name TERELL SMITH, Account #4128003718824819 |
| 31 | 1 | Counterfeit Banamex USA Visa Card, in the name TERELL SMITH, Account #4120397101038559 |
| 32 | 1 | Counterfeit Aspire Visa Card, in the name JOHN GREY, Account #4778400100038938 |
| 33 | 1 | Counterfeit First Union Visa Check Card, in the name AUBREY RASHAWN BROWN, Account #482864097743012 |

| | | |
|---|---|---|
| 34 | 1 | Counterfeit American Express Optima Card, in the name OMAR HOWARD, Account #379439628941000 |
| 35 | 1 | Counterfeit Household Bank Visa Card, in the name PAUL WALKER, Account #4313024917455168 |
| 36 | 1 | Counterfeit American Express Optima Card, in the name JAMES SCOTT, Account #378518826372000 |
| 37 | 1 | Genuine American Express Card, in the name ROBERT RODRIGUEZ, Account #372761049481002 |
| 38 | 1 | Genuine Sears MasterCard, in the name BARRY OTOOLE, Account #5121071864429257 |
| 39 | 1 | Genuine Capitol One Gold MasterCard, in the name MICHAEL BELL, Account #5291152058592540 |
| 40 | 1 | Small bottle of gold-colored dust |
| 41 | 1 | Genuine re-encoded Fleet Business Total Access Visa Check Card, in the name ABDULLAH S. BRYANT/NEXT LEVEL SHOPPING, Account #4135750000514034 |
| 42 | 1 | Genuine re-encoded Fleet Classic Visa Card, in the name ABDULLAH BRYANT, Account #4170090000021003 |
| 43 | 1 | Genuine re-encoded Fleet 24-Hour Access Card, in the name ABDULLAH S. BRYANT, Account #5003420009570959 |
| 44 | 1 | Genuine re-encoded Household Bank Visa Card, in the name ABDULLAH S. BRYANT, Account #4405610293685714 |
| 45 | 1 | Genuine re-encoded Household Bank Visa Card, in the name ABDULLAH S. BRYANT, Account #4405610000093897 |
| 46 | 1 | Genuine re-encoded Household Bank Visa Card, in the name ABDULLAH S. BRYANT, Account #4405610000093897 |
| 47 | 1 | Genuine re-encoded Household Bank Visa Card, in the name ABDULLAH S. BRYANT, Account #4405610000074293 |
| 48 | 1 | Genuine re-encoded Household Bank Visa Card, in the name ABDULLAH S. BRYANT, Account #4405610000074293 |

| 49 | 1 | Genuine re-encoded First National Visa Credit Card, in the name ABDULLAH S. BRYANT, Account #4403631120974750 |
|---|---|---|
| 50 | 1 | Genuine re-encoded First National Visa Credit Card, in the name ABDULLAH S. BRYANT, Account #4403631120970676 |
| 51 | 1 | Genuine re-encoded New Millenium Bank MasterCard, in the name ABDULLAH S. BRYANT, Account #5183933010626257 |
| 52 | 1 | Genuine re-encoded New Millenium Bank Visa Card, in the name ABDULLAH S. BRYANT, Account #4327193010640135 |
| 53 | 1 | Genuine re-encoded Cortrust Bank MasterCard, in the name ABDULLAH S. BRYANT, Account #5436681001935931 |
| 54 | 1 | Genuine re-encoded Cortrust Bank MasterCard, in the name ABDULLAH S. BRYANT, Account #5436681001138460 |
| 55 | 1 | Genuine New Jersey Leased Vehicle Registration for a 2002 GMC Wagon, Plate #MDJ50C, VIN #1GKDT13S422239526 |
| 56 | 1 | Genuine social security card, in the name ABDULLAH SHARIK BRYANT, SSN: 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 |
| 57 | 1 | Guest pass for Sam's Club Membership ID #10217714856 |
| 58 | 1 | Counterfeit Aspire Visa Card, in the name JAMES SCOTT, Account #4346102010059524 |
| 59 | 1 | Counterfeit Citi Platinum Series MasterCard, in the name JAMES SCOTT, Account #5113760067314338 |
| 60 | 1 | Counterfeit Capitol One Visa Card, in the name JAMES SCOTT, Account #4134910001243394 |
| 61 | 1 | Counterfeit American Express Optima Card, in the name JAMES SCOTT, Account #372715778391006 |
| 62 | 1 | Counterfeit Capitol One Platinum Visa Card, in the name JAMES SCOTT, Account #4388641905170630 |
| 63 | 1 | Linens-N-Things Gift Card, Account #6006492510054742444 |

| 64 | 1 | Genuine Marshalls Shop Smart Gift Card, Account #6001761045099570042 |
|----|---|---|
| 65 | 1 | Genuine New Jersey Driver's License, in the name JAMES SCOTT, D/L #S03910538612672 |
| 66 | 1 | Genuine checkbook in the name ABDULLAH S. BRYANT, 163 Bergen Street, PMB 1272, Newark, New Jersey 07103-2426, drawn on Fleet Bank, Account #4729022379 (Checks #'s 1158-1170) with multiple deposit slips and check register |
| 67 | 1 | Genuine Fleet Savings Account register/deposit slips for Account #9466521351 |
| 68 | 1 | Genuine checkbook in the name ABDULLAH S. BRYANT, 163 Bergen Street, PMB 1272, Newark, New Jersey 07103, drawn on the Northern Trust Company (Check #'s 1007-1035) with check register |
| 69 | 1 | First Union Savings Account register/deposit/withdrawal slips for ABDULLAH S. BRYANT, Account #3000037970171 |
| 70 | 1 | Piece of paper with hand-written names of DEBRA A. KAMP BELL, FRANCES SCOTT & MARIA SCOTT & a telephone # of 973/430-2680, 2778 (contained in item #69) |
| 71 | 1 | Triple A New Jersey Automobile Club Card, in the name LATOYA GANTT, Member #4290740191426016 |
| 72 | 1 | Motorola Talkabout cell phone Serial Number: SWF05798CW1510321W98 |
| 73 | 1 | Motorola I30SX Nextel cell phone Serial Number: 021NCL1381 |
| 74 | 1 | Business card with hand-written numbers on back |
| 75 | 1 | Genuine State of New Jersey- Division of Motor Vehicles Temporary Registration, in the name LATOY GANTT, Temporary #9960103 |
| 76 | 1 | Piece of cardboard with advertisement for Universal Spy Shop/Senat Investigations, Inc. |

| 77 | 1 | Piece of paper with copy of New Jersey registration, in the name MICHELLE P. ALLEN for 2002 Jaguar, Plate #MUL83Z, Vin #SAJDA42B82PA23142, with typed MICHELLE P. ALLEN's address, a stamped number & two hand-written names: DONNA A. PATRICK & ELAINE J. BALADY |
|---|---|---|
| 78 | 1 | Loose-leaf piece of paper with hand-written numbers |
| 79 | 1 | Envelope from DANONE WATERS of North America with hand-written number and amount |
| 80 | 1 | Receipt from Footlocker, dated 1/23/03, in the amount of $14.99, paid by credit card #6007048796578221 |
| 81 | 1 | Piece of receipt with hand-written name and phone number for "EBONY" 201/892-5843 |
| 82 | 1 | Invoice and receipt from Robert Anthony Jewelers, dated 1/18/03, in the amount of $6,042, paid with Visa Card (also hand-written names on invoice) |
| 83 | 1 | Receipt from Kmart, dated 12/29/02, in the amount of $220.35, paid with Visa/MasterCard |
| 84 | 1 | Receipt from Guitar Center, dated 1/5/03, in the amount of $249.06, in the name ABDUL BRYANT, paid with credit card |
| 85 | 1 | Counterfeit check from All City Services, Inc, made payable to MICHAEL GREEN, in the amount of $113.87, drawn on First Union National Bank, dated 12/13/02, check #3091 (Not Negotiated) |
| 86 | 2 | Blank checks from Next Level Shopping and Clothing Service, drawn on Summit Bank (check #'s 1045 & 1047) |
| 87 | 3 | Next Level Shopping and Clothing, Inc., checks drawn on Fleet Bank, all made payable to ABDULLAH BRYANT, all in the amount of $238.09; check #1007 - dated 12/20/02; check #1008 - dated 12/27/02; check #1009 - dated 1/3/03 |
| 88 | 1 | Mailboxes, Etc. Service Agreement for Next Level Corp./ABDULLAH BRYANT, Mailbox #122, Door #670853 |
| 89 | 1 | Receipt from Kids R' Us, dated 1/25/03, in the amount of $500 for a gift card |